FILED
NOVEMBER 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6762**

| | | |
|---|---|---|
| INCENTIVE LOGIC, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | |
| FLAIR COMMUNICATIONS AGENCY, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

**JUDGE ANDERSEN**
**MAGISTRATE JUDGE KEYS**

## COMPLAINT

NOW COMES plaintiff INCENTIVE LOGIC, INC., by its undersigned attorneys, and for its complaint against defendant FLAIR COMMUNICATIONS AGENCY, INC., alleges and states as follows:

### PARTIES

1.　Plaintiff Incentive Logic, Inc. ("Incentive") is a Delaware corporation having its principal place of business in Scottsdale, Arizona.

2.　Defendant Flair Communications Agency, Inc. ("Flair") is an Illinois corporation having its principal place of business in Chicago, Illinois.

### JURISDICTION AND VENUE

3.　This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) (diversity) since the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the case is between citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because (a) defendant resides in this district, and (b) a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

5. Incentive is in the business of developing and administering performance-based rewards programs.

6. Flair is an advertising and public relations agency.

7. In 2006, Flair desired to engage Incentive to provide a loyalty and rewards program encompassing Incentive's web-enabled points application program account servicing, Folio™ reward catalog technology and reward fulfillment service for participants.

8. Incentive and Flair entered into a Master Agreement, effective August 25, 2006 (the "Agreement"), a copy of which is attached hereto as Exhibit A.

9. Under the Agreement, Incentive agreed to design, set-up and launch, and provide program administrative support for an incentive reward points program for the benefit of Flair's customer Research In Motion, Ltd. ("RIM"), as described in detail in Section I of Addendum A to the Agreement (hereinafter referred to as the "Addendum").

10. Under Section D of the Agreement and Section II of the Addendum, Flair agreed to make certain payments to Incentive for these services.

11. Pursuant to Section II(2) of the Addendum, entitled Payment for Points, Flair agreed to pay Incentive for points as they were redeemed by participants as follows: On a monthly basis, Flair agreed to pay Incentive $1.00 for every 100 points redeemed by participants, however, this payment was subject to a reduction of 10% for redemption of points, and therefore

the amount required to be paid monthly was $0.90 for every 100 points redeemed (after the adjustment to reflect the 10% redemption amount).

12. Section II(2) of the Addendum further provides for a "Minimum Contract Amount" of $500,000 payable to Incentive for points redeemed during the initial one-year term of the Agreement. Said provision states in its entirety:

> [Flair] agrees that the minimum amount payable to Incentive for points redeemed by Products from the Supplier Network during the initial one year term of this Agreement shall be Five Hundred Thousand ($500,000) ("Minimum Contract Amount); provided that there will be no minimum requirement if this Agreement is terminated prior to the expiration of the one (1) year term due to a termination of the RIM Contract or default by Incentive. Incentive acknowledges and agrees that the gross invoice amount of points redeemed (prior to the 10% redemption) shall be the amount used for purposes of calculating the Minimum Contract Amount.

13. The Agreement became effective August 25, 2006 and remained in effect for a period of one year thereafter, through and including August 24, 2007. (See Exhibit A hereto, Agreement, Section E, paragraph 1; Addendum A, first sentence.)

14. The Agreement was not terminated prior to the expiration of the one-year term.

15. Incentive designed, set-up and launched, and administered the RIM Incentive Reward Points Program, and otherwise has fully performed all of its obligations under the Agreement.

16. In exchange for its services provided during the one-year term of the Agreement, Incentive received only $383,956.45 for points redeemed by participants, and therefore it was entitled to the Minimum Contract Amount determined under Section II(2) of the Addendum.

17. The Minimum Contract Amount owed to Incentive under the Agreement is $82,107.30 calculated as follows: $500,000 minus $417,892.70, which is the gross invoice amount for points redeemed (prior to the 10% redemption).

18. Incentive has made demands upon Flair for payment of the amount owed under the Agreement as set forth herein. Flair has failed and refused to pay the amount owed.

19. Flair thus has breached its obligation under the Agreement to pay Incentive the amount due under the Minimum Contract Amount provision of the Agreement despite Incentive's demands.

20. Pursuant to the Illinois Interest Act, 815 ILCS 205/2, Incentive is entitled to pre-judgment interest at the rate of 5% per annum on the amount due.

21. Pursuant to Section L of the Agreement: "In the event of any legal action, including arbitration, arising out of or in connection with this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees, costs and expenses incurred in such action."

22. As the proximate result of Flair's breach of its obligations under the Agreement, Incentive has suffered monetary damages in the amount of $82,107.30, plus interest, attorney's fees, costs and expenses.

WHEREFORE, plaintiff Incentive Logic, Inc. respectfully requests that the Court enter judgment in its favor and against defendant Flair Communications Agency, Inc. on Incentive's Complaint; award Incentive compensatory damages in an amount to be proven at trial but believed to be $82,107.30, together with pre- and post-judgment interest thereon and Incentive's attorney's fees, costs and expenses, and grant such other relief as the Court deems just and proper.

INCENTIVE LOGIC, INC.

By:_____
One of Its Attorneys

Steven M. Hartmann
ARDC No. 6185428
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606-6677
Tel:  312-360-6000
Fax:  312-360-6573

Counsel for Plaintiff

1437604v1